UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN T. CHASE,

                            Plaintiff,

    -against-                                    1:05-CV-0779
                                                                           (LEK/RFT)

PAUL CZAJKA, *Family Court Judge*; *et al.*,

                            Defendants.
_____

## MEMORANDUM-DECISION AND ORDER

### I.  Background

This matter was originally filed in the Southern District of New York, but was transferred to this District by an Order of the Honorable Lewis A. Kaplan, United States District Judge. See June 2005 Order (Dkt. No. 45).  Prior to Judge Kaplan's transfer order, a Report and Recommendation (Dkt. No. 43) was issued by the Honorable Andrew J. Peck, then-Chief United States Magistrate Judge of the Southern District,[1] recommending dismissal of Plaintiff's Complaint in its entirety.  Upon transfer of the case, Judge Kaplan only determined that venue was inappropriate in the Southern District, and he did not rule on the remaining issues addressed in Chief Magistrate Judge Peck's Report and Recommendation, or Plaintiff's objections (Dkt. No. 44). See Judge Kaplan's June 2005 Order (Dkt. No. 45) ("This ruling is without prejudice to the defendants' motion to dismiss and to plaintiff's objections to Judge Peck's reports and recommendations.").

---

[1] The Honorable Lisa Margaret Smith is the current Chief United States Magistrate Judge of the Southern District of New York.

1

Therefore, as this Court understands the current status of this case, the Report and Recommendation of Judge Peck (Dkt. No. 43) and the objections by Plaintiff [2] (Dkt. No. 44) are awaiting a final ruling. The Clerk has sent the entire file to the undersigned, including the objections and additional motions that have been filed, for review.

For a complete recitation of the facts, reference is made to Judge Peck's two Reports and Recommendations (Dkt. Nos. 30 & 43),[3] and the Complaint (Dkt. No. 1), familiarity with which is presumed.

## II. Discussion

### A. Judge Peck's Report and Recommendation

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or

---

[2] As addressed in Section II.D, *infra*, this Court denies Plaintiff's Motion (Dkt. No. 63). That Motion included a request to file an Amended Complaint. Although the Amended Complaint is rejected, the Court wishes to explain to the *pro se* Plaintiff that despite the fact that Plaintiff now wishes to bring claims on behalf of himself *and* his children (Ryan Chase (now over 18 years of age), "M.C." (a minor child), and "D.C." (a minor child)), he would not be able to do so. Plaintiff John Chase is not an attorney, and as such may not represent the claims of any other person - including Plaintiff's adult offspring like Ryan Chase. See Tindall v. Poultney High Sch. Dist., 414 F.3d 281 (2d Cir. 2005). In addition, Plaintiff may not bring claims in this action on behalf of his minor children "M.C." and "D.C." See id.; Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59 (2d Cir. 1990); 42 AM. JUR. 2D *Infants* § 162 (2006).

[3] Judge Peck actually first issued a Report and Recommendation on March 23, 2005 (Dkt. No. 30). However, Judge Kaplan re-referred the matter to Judge Peck for re-evaluation after the Supreme Court's decision in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005). See Judge Kaplan's April 2005 Order (Dkt. No. 32). In the second Report and Recommendation (Dkt. No. 43), which this Court addresses herein, Judge Peck adhered to his prior recitation of the facts, and prior recommended disposition. See Report-Rec. (Dkt. No. 43). **As stated above, this Memorandum-Decision and Order only addresses the outstanding, second Report and Recommendation (Dkt. No. 43)**.

recommendations made by the magistrate judge." Id.  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report and Recommendation (Dkt. No. 43) should be approved, in part, for the reasons stated therein.[4]

In so **adopting** the Report and Recommendation in pertinent part, the Court hereby **dismisses** this case as against **all Defendants**.[5]

   B.  *Absolute Judicial Immunity*

The Court has reviewed the pending Motion submitted by Defendant Czajka (Dkt. No. 55). Defendant Czajka has already been dismissed as a Defendant in this suit based upon this Court's adoption of Judge Peck's Report and Recommendation, above.  Therefore, Defendant Czajka's Motion (Dkt. No. 55) is **moot**, and is **denied** as such.[6]

---

[4] The Court adopts the Report and Recommendation in part, as to Judge Peck's recommendations concerning Rooker-Feldman and the domestic relations exception to federal jurisdiction.  The Court does not rule on the remainder of the Report and Recommendation concerning transfer and venue, however, since Judge Kaplan already ruled on those issues when he transferred the case from the Southern District to the Northern District.  See Judge Kaplan's June 2005 Order (Dkt. No. 45).

[5] In the Report and Recommendation, Judge Peck addressed the Rooker-Feldman Doctrine, see Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and the Supreme Court's decision in Exxon Mobil Corp., 544 U.S. 280.  In addition, all presently named Defendants submitted a joint memorandum of law (Dkt. No. 40) addressing the Rooker-Feldman Doctrine, and the Exxon Mobil decision, which was then part of the Record prior to Judge Peck's Report and Recommendation, which this Court has now considered.

[6] However, this Court notes that if it were to consider the merits of Defendant Czajka's Motion, it would appear from a review of the Record that Plaintiff's claims and allegations concern activities and decisions of Czajka in his official capacity as a member of the judiciary.  The United States Court of Appeals for the Second Circuit has stated that:

   Judges enjoy absolute immunity from personal liability for "acts committed within their
   judicial jurisdiction."... The tradition of judicial immunity dates back to English common
   law.... Without insulation from liability, judges would be subject to harassment and

### C. Motion by Defendants Shook, Skype and County of Columbia

The Court has reviewed the pending Motion submitted by Defendants Shook, Skype and County of Columbia (Dkt. No. 56). The issues raised therein, concerning Rooker-Feldman, have been sufficiently addressed in the Report and Recommendation of Judge Peck, and the Defendants have been dismissed from this action based upon this Court's adoption of the Report and Recommendation, such that the present Motion is moot. Therefore, Defendants' Motion (Dkt. No. 56) is **denied as moot**.

### D. Plaintiff's Motion

Plaintiff has filed a Motion of his own (Dkt. No. 63), seeking, *inter alia*, to amend his

---

intimidation and would thus "lose 'that independence without which no judiciary can either be respectable or useful.'"... The absolute immunity of a judge applies "'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"....

"Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities."....

Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (citing, *inter alia*, Pierson v. Ray, 386 U.S. 547 (1967); Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)). Furthermore, "[j]udicial immunity is conferred even if the plaintiff accuses the judge of acting maliciously or corruptly, and no matter how erroneous the ruling challenged by the plaintiff." Daniels v. Appellate Div. of State Supreme Court, No. 97 Civ. 5113 DC, 1997 WL 528060 (S.D.N.Y. Aug. 27, 1997) (citing Cleavinger, 474 U.S. at 199-200)). And,

"[t]he cloak of immunity is not pierced by allegations of bad faith or malice."... Indeed, the doctrine of judicial immunity is so expansive that it is overcome only when (1) the action is nonjudicial, *i.e.*, not taken in the judge's judicial capacity; or (2) the action, although judicial in nature, is performed in the complete absence of any jurisdiction.

Miller v. County of Nassau, No. 06-cv-4347 (ADS)(ARL), 2006 WL 3704694, at *3 (E.D.N.Y. Dec. 12, 2006) (citing, *inter alia*, Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 347 (1871); Tucker v. Outwater, 118 F.3d 930, 932 (2d Cir. 1997)). Defendant Czajka, therefore, enjoys absolute immunity from all the claims against him.

Complaint, to add Plaintiff's children as Plaintiffs, to have a special master appointed to oversee discovery (instead of the co-assigned U.S. Magistrate Judge - as is the usual practice in this District), and to have an Order issued compelling discovery and depositions.[7] Defendants Czajka, Shook, Skype and County of Columbia have replied/responded in opposition. See Dkt. Nos. 66-67. However, by disposing of all of the other outstanding motions and issues in this case, and by adopting Judge Peck's Report and Recommendation, this Court has determined that the case should be dismissed in its entirety as against all presently-named Defendants. No discovery will be held, and no depositions required. In addition, as discussed earlier, Plaintiff is simply not permitted to represent either his adult child or minor children in this matter.[8] And, this Court will not appoint a Special Master at this time, when, among other things, no demonstration has been made showing exceptional circumstances or why this Court should otherwise abandon the usual practice of referring to the co-assigned Magistrate Judge, and when, additionally, Defendant Czajka (one of the parties) has clearly stated that he does not consent to the appointment of a Master in any event. See Deft. Czajka's Resp. (Dkt. No. 66, Attach. 2) at 7. See, generally, FED. R. CIV. P. 53 ("Unless a statute provides otherwise, a court may appoint a master only to: **(A)** perform duties consented to by the parties..."); Fisher v. Harris, Upham & Co., Inc., 61 F.R.D. 447 (S.D.N.Y. 1973).

---

[7] Plaintiff's Motion also seeks to have this Court deny Defendant Czajka's Motion pending trial, or until a hearing is held following discovery and the taking of depositions. See Plaintiff's Motion (Dkt. No. 63). However, Defendant Czajka has already been dismissed as a Defendant in this case following the Court's adoption of the Report and Recommendation above. But, even if this Court had not dismissed Defendant Judge Czajka in that manner, the Court has also reviewed Defendant Czajka's Motion (Dkt. No. 55), as addressed in Section II.B, n.5, *supra*, and has found that Defendant Czajka would otherwise be shielded by absolute judicial immunity in this matter. Therefore, traveling either avenue, the part of Plaintiff's Motion opposing Defendant Czajka's Motion is **denied**.

[8] See Footnote 2, *supra*.

The last remaining portion of Plaintiff's Motion addressed herein is the request to file an Amended Complaint. Since Plaintiff is proceeding *pro se*, this Court must undertake an evaluation of the proposed Amended Complaint to ensure, *inter alia*, its compliance with Rules 8 and 10 of the *Federal Rules of Civil Procedure*. Upon review of Plaintiff's proposed Amended Complaint (Dkt. No. 65), the Court finds that although Plaintiff names additional Defendants, the allegations and accusations (some very general) arise from and involve the same incident(s) and set(s) of circumstances, and are largely similar to or the same as, those already addressed in the Original Complaint, the prior pleadings of the parties, and Judge Peck's Report and Recommendation. Amendment would not cure the problems that have led to dismissal. As such, allowing Plaintiff to amend the Complaint would be futile and is **denied**, see Azurite Corp. Ltd. v. Amster & Co., 52 F.3d 15, 19 (2d Cir. 1995); Zahra v. Town of Southold, 48 F.3d 674, 685-86 (2d Cir. 1995); Acito v. IMCERA Group, Inc., 47 F.3d 47, 54-55 (2d Cir. 1995), since dismissal of the claims based upon the same legal foundations as already specified by Judge Peck and this Court, *supra*, would be inevitable.[9]

Therefore, given the discussion above, Plaintiff's Motion (Dkt. No. 63) is **denied**, and Plaintiff's proposed Amended Complaint (Dkt. No. 65) is **rejected**.

---

[9] For example, although Judge Hummel has not moved seeking dismissal for absolute judicial immunity, having instead sought an extension of time to oppose Plaintiff's Motion to amend the Complaint and/or answer Plaintiff's Amended Complaint (see Dkt. Nos. 71-72), this Court could grant dismissal as to Hummel based upon judicial immunity *sua sponte*, see Daniels, 1997 WL 528060; Melnitzky v. HSBC, No. 06 Civ. 13526(JGK), 2007 WL 195239, at *1-*2 (S.D.N.Y. Jan. 24, 2007); Miller, 2006 WL 3704694, at *3, as Hummel also enjoys such absolute immunity. See also Footnote 5, *supra* (concerning Judge Czajka's immunity).

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Report and Recommendation (Dkt. No. 43) of the Honorable Andrew J. Peck, United States Magistrate Judge for the Southern District of New York, is **APPROVED** and **ADOPTED IN PART**, as to Judge Peck's recommendations concerning Rooker-Feldman and the domestic relations exception to federal jurisdiction.  The Court does not rule on the remainder of the Report and Recommendation concerning transfer and venue, however, since Judge Kaplan already ruled on those issues when he transferred the case from the Southern District to the Northern District; and it is further

**ORDERED**, that Defendant Czajka's Motion (Dkt. No. 55) is **DENIED AS MOOT**; and it is further

**ORDERED**, that Defendants Skype, Shook and County of Columbia's Motion (Dkt. No. 56) is **DENIED AS MOOT**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 63) is **DENIED**, and Plaintiff's proposed Amended Complaint (Dkt. No. 65) is **REJECTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**, and this case is **DISMISSED as to all claims** and **all Defendants**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   February 28, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge